KLEES, Judge.
This appeal concerns the applicability of the New Orleans city inheritance tax, which was repealed at the end of 1989, to the successions of individuals who died between July 15, 1986 (the effective date of the tax) and December 30, 1989, but whose heirs were not put into possession until after the tax’s repeal. Plaintiffs are succession representatives challenging the district court’s judgment that the tax applies to their decedents.
The sole issue on appeal is the meaning of City of New Orleans Ordinance 13494 M.C.S., signed by the mayor on November 6, 1989, which reads as follows:
AN ORDINANCE to repeal Chapter 28A of the City Code as enacted by Ordinance Number 12147 M.C.S. which imposes the gift and estate tax (inheritance tax); and other wise to provide with respect thereto.
SECTION 1. THE COUNCIL OF THE CITY OF NEW ORLEANS HEREBY ORDAINS that Chapter 28A of Ordinance Number 828 M.C.S. be and the same is hereby repealed effective January 1, 1990 except as hereinafter set forth.
SECTION 2. The tax previously levied by Chapter 28A of Ordinance Number 828 M.C.S. upon all inheritances, legacies, donations and gifts made in contemplation of death shall not apply to any deaths occurring on or after December 31, 1989.
SECTION 3. Any tax still due and owed to the City pursuant to the aforementioned ordinance and Chapter of the City Code shall remain due and collectible by the city and to that end the payment provision of that ordinance and chapter of the city Code shall remain in full force and effect until all taxes due, thereunder, together with interest, penalties and attorney’s fees, where the same are due, shall have been collected by the City.
Plaintiffs contend that the lower court erred in holding that the tax is applicable to these successions. Although the deaths in question occurred before the cutoff date specified in the repeal ordinance, plaintiffs contend that the taxes were not “due” within the meaning of Section 3 of the ordinance at that time. Plaintiffs’ argument is based primarily on language found in Hildebrand v. City of New Orleans, 549 So.2d 1218 (La.1989), in which the Supreme Court upheld the constitutionality of the inheritance tax. In Hildebrand, the Court found that the city inheritance tax was not “due” until the time that the state inheritance tax return was filed by the heirs. Therefore, the Court reasoned, the tax did not offend the civil code concept of seizin because as a practical matter, it would only be levied upon heirs and legatees who had accepted the succession. Hildebrand, 549 So.2d at 1229.
Relying on this language, the plaintiffs in the instant case argue that the inheritance tax does not apply to them because they had not filed their state inheritance tax returns by December 30, 1989. This argument has no merit.
The instant case involves a simple question of statutory construction. Section 2 of the repeal ordinance states that the inheritance tax “shall not apply to any deaths occurring on or after December 31, 1989.” *1037 The statute is not ambiguous. It clearly means that the tax shall apply only to deaths occurring prior to December 31, 1989.
Section 3 of the ordinance merely states that any taxes due the city under the prior ordinance shall remain due until paid. This statement does not contradict anything in Section 2. On its face, the ordinance is clear; there is no need to go beyond the words of the statute to ascertain its meaning. La.Civ.Code art. 9; Nash v. Whitten, 326 So.2d 856, 862 (La.1976).
Plaintiffs have attempted to confuse the issue by introducing the definition of the word “due” given by the Court in Hildebrand. The issue in Hildebrand was the constitutionality of the tax and whether it was consistent with the codal concept of seizin. The Court’s discussion of when the tax was “due” must be viewed within that context.
The issue in the instant case is simply whether the tax applies to the successions of persons who died between July 15, 1986 and December 30,1989, regardless of when their heirs were put into possession. The ordinance itself clearly indicates that it does so apply. It should therefore be applied as written, with no further interpretation necessary. La.Civ.Code art. 9; Nash v. Whitten, supra. Moreover, even if we were to find the statute ambiguous, the City Council clearly intended the applicability of the inheritance tax to be determined by the date of death. Ambiguous statutes should be interpreted to give effect to the legislatures will. J.M. Brown Construction Co. v. D & M Mechanical Contractors, 275 So.2d 401 (La.1973).
Accordingly, we affirm the trial court’s judgment holding that the New Orleans City Inheritance Tax is applicable to the successions represented by plaintiffs.
AFFIRMED.